UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SALINA WHITBY**, Case No.

Plaintiff, Hon.

vs.

**MICHIGAN DEPARTMENT OF CORRECTIONS**,

Defendants.

---

Hannah R. Fielstra (P82101)
ERNST LAW FIRM, PLC
Attorneys for Plaintiff
4501 Woodward Ave Ste 101-B, #225
Detroit, MI 48201
(313) 965-5555 / (313) 965-5556
hannah@ernstlawplc.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff, SALINA WHITBY, by and through her attorneys, ERNST LAW FIRM, PLC, in support of her complaint states as follows:

1. This is an action by Plaintiff to enforce her civil and employment rights. Plaintiff seeks relief and all damages that flow from Defendant's multiple violations of her rights, privileges, and immunities as secured by Title VII of the Civil Rights Act of 1964 and Michigan's Elliot Larsen Civil Rights Act.

2. Jurisdiction is conferred by 28 U.S.C. §1331, as to Plaintiff's federal law claims.

3. The Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 13 U.S.C. 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as all of the events giving rise to this cause of action occurred in the Eastern District of Michigan.

## PARTIES

5. Plaintiff Salina Whitby is a 48-year old African American woman who resides in Lansing, Michigan.

6. Defendant Michigan Department of Corrections (hereinafter "MDOC") is a governmental body of the State of Michigan, created pursuant to the laws of the State of Michigan, which, at all relevant times, employed plaintiff in Jackson, Michigan. The MDOC has been inundated with accusations of discrimination.

## FACTUAL ALLEGATIONS

7. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

8. Salina Whitby is a 48-year old African American woman who works as a corrections officer with the Michigan Department of Corrections. She has established herself as a loyal and dependable employee for many years.

9. Throughout that time, she has been subjected to several instances of discrimination based on her race, as well as retaliation for reporting the discrimination, all of which have gone unremedied by the Michigan Department of Corrections.

10. On or about January 14, 2025, Ms. Whitby walked into the break room of the administration building at the Charles E. Egeler Reception and Guidance Center where Officer Mann, Officer Hobbs and Officer Floyd, who are all white men, were sitting at a table.

11. Two other women were also present in the room for a period of time.

12. Officer Hobbs said to Ms. Whitby, who was getting ready to make her food on her break, "What's up, honky?"

13. Ms. Whitby was offended by his use of the derogatory slur, but giving him the benefit of the doubt, asked him if he called her a "honky." He replied yes, so Ms. Whitby asked what he meant by that.

14. Officer Hobbs responded that "it is the name black slaves call their masters."

15. Ms. Whitby asked why Hobbs called her that, and Officer Floyd interrupted to add that "he was trying to understand why inmates of the opposite skin complexion as him call him 'nigga.'"

16. Ms. Whitby explained that she did not know why inmates called him that, that she did not use that word, did not allow her friends to talk to her that way, and was not raised to use that word. Floyd then said, "they say it's a term of endearment."

17. Hobbs added that he writes inmates insolence tickets when they call him that.

18. Floyd then said that white people who have adopted Black culture are called "wiggers." Thereafter, in an effort to get Ms. Whitby to engage further, Officer Mann asked Ms. Whitby what she was eating, as it was a saltine cracker, and upon information and belief, he wanted her to say "cracker."

19. Ms. Whitby submitted a discriminatory harassment complaint form, stating that she felt that the encounter constituted discrimination and created an intimidating, hostile and offensive work environment for her.

20. On or about January 27, 2025, Officer Mann approached Ms. Whitby to make excuses for Hobbs' and Floyd's behavior, telling her, "they didn't mean anything and were just being stupid old men."

21. The department did nothing to remedy Ms. Whitby's complaint.

22. On or about June 5, 2025, Ms. Whitby was subjected to another instance of discrimination.

23. She was assigned to HFJ Hospital in Jackson, MI, along with other officers. As she walked into the officer's bubble, she was immediately stopped by Officer Olney, who is white, and said to her, "Whitby, you can't come in here because you're Black."

24. Officer McKinney can come in because he's white." Ms. Whitby then noticed a sign on the door that said that she was to stay on the floor unless she asked for permission.

25. The sign was signed by Lieutenant Goodin.

26. Ms. Whitby took down the sign and Officer Olney asked her what she was going to do with it and whether she was putting it in her file.

27. Later, on the same shift, Officer Olney again approached Ms. Whitby and said that she heard she "was fucking Lieutenant Lambert. Olney continued to talk about Lambert, who is African American, making derogatory comments about

his braids and telling Ms. Whitby that he "looked like an inmate" and telling her "we don't like them."

28. Ms. Whitby submitted a discriminatory harassment complaint on June 10, 2025, alleging discrimination and harassment, stating that she felt singled out because of her race. She further stated that she left intimidated, humiliated and embarrassed.

29. The Department did nothing to handle Ms. Whitby's complaint.

30. Ms. Whitby is still employed by the Department and continues to experience retaliation for reporting discrimination, intimidation, humiliation, embarrassment, stress, and anxiety while at work.

31. She has suffered economic and noneconomic damages including but not limited to wage loss, emotional distress, harm to reputation, and other damages to be revealed during the course of litigation.

32. She filed a complaint with the EEOC and was issued a Right to Sue Letter on July 16, 2026.

33. Ms. Whitby also filed a timely notice of intent to sue with the Michigan Court of Claims.

34. As a result of Defendant's, actions Plaintiff has suffered, and will continue to suffer, including but not limited to the following:

a. Extreme stress;

b. Emotional distress;

c. Time off work;

d. Humiliation;

e. Non-economic damages;

f. Economic damages;

g. All other injuries to be discovered throughout discovery.

**COUNT I**
**VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT**
*Disparate Treatment*

35. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

36. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

37. At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her race.

38. Defendant, through their agents, representatives, and employees, was predisposed to discrimination on the basis of race and acted in accordance with that predisposition.

39. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated Caucasian employees in the terms and

conditions of employment, on the unlawful basis of race.

40. Defendant is vicariously liable for the acts and/or omissions of its agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior.*

41. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, injuries and damages.

## COUNT II
## VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
*Hostile Work Environment*

42. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

43. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

44. At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her race.

45. Plaintiff was subjected to unwelcome conduct and treatment due to her race.

46. The Defendant violated Plaintiff's rights under the ELCRA by allowing the unwelcome conduct to affect a term or condition of employment, including unreasonably interfering with Plaintiff's work environment and performance, and thus creating an intimidating and hostile work environment.

47. Defendant is vicariously liable for the acts and/or omissions of its agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior.*

48. As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

**COUNT III – VIOLATION OF MICHIGAN'S ELLIOT-LARSEN CIVIL RIGHTS ACT**

*Retaliation*

49. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

50. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

51. At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her race.

52. Plaintiff's act of complaining regarding the discrimination she experienced was protected activity under the ELCRA.

53. Defendant retaliated against Plaintiff by refusing to investigate her complaints and putting her in a position to again be the target of discriminatory remarks, behavior, and actions.

54. Defendant is vicariously liable for the acts and/or omissions of its

agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior.*

55. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages and injuries as herein alleged.

## **COUNT IV**
## **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2**
*Retaliation*

56. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

57. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits discrimination and retaliation against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race.

58. At all material times, Plaintiff has been an employee of Defendant employer, MDOC, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

59. Plaintiff is an African American woman, in the minority at the MDOC, and a member of a protected class under Title VII of the Civil Rights Act of 1964.

60. As an employer within the meaning of Title VII of the Civil Rights Act of 1964, Defendant MDOC owed Plaintiff a duty not to discriminate against her with

respect to employment, promotional opportunities, compensation, or other conditions or privileges of employment on the basis of Plaintiff's race.

61. Because of her race, Plaintiff was subjected to treatment during her time as an employee for Defendant MDOC that has been disparate compared to Caucasian coworkers, who have been treated more favorably than Plaintiff.

62. As a result of the discrimination on the basis of Plaintiff's race, Plaintiff was retaliated against after reporting and filing Complaints.

63. There is no legitimate business reason justifying the discrimination, hostile work environment and retaliation to which Plaintiff has been subjected during her time as an employee for Defendant MDOC.

64. As a direct and proximate result of Defendant's unlawful actions against Plaintiff described herein, Plaintiff has suffered injuries and damages, including, but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of ordinary life pleasures.

65. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Defendant is liable to Plaintiff for all damages allowed under Federal Law. To the extent that damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

Defendant's conduct was and remains extreme and outrageous, subjecting Defendant to punitive damages.

66. As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT V
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2
*Disparate Treatment*

67. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

68. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits discrimination and retaliation against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race.

69. At all material times, Plaintiff has been an employee of Defendant employer, MDOC, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

70. Plaintiff is an African American woman, in the minority at MDOC and a member of a protected class under Title VII of the Civil Rights Act of 1964.

71. As an employer within the meaning of Title VII of the Civil Rights Act of 1964, Defendant MDOC owed Plaintiff a duty not to discriminate against her with

respect to employment, promotional opportunities, compensation, or other conditions or privileges of employment on the basis of Plaintiff's race.

72. Because of her race, Plaintiff was subjected to treatment during her time as an employee for Defendant MDOC that has been disparate compared to Caucasian co-workers, who have been treated more favorably than Plaintiff.

73. The disparate and less favorable treatment to which Plaintiff has been subjected during the time that she was employed by Defendant MDOC has included adverse employment actions on the basis of Plaintiff's race.

74. The disparate and less favorable treatment to which Plaintiff has been subjected during the time that they were employed by Defendant MDOC has come from both supervisory personnel and from Plaintiff's co-workers.

75. Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against minority employees, or that tolerates the disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

76. Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to look the other way or actively encourage disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

77. The disparate treatment to which Plaintiff was subjected while she was employed by Defendant has been so substantially disparate and less favorable than the treatment of Caucasian employees that it raises an inference of disparate treatment discrimination.

78. The disparate treatment to which Plaintiff was subjected while employed by Defendant has been so substantially disparate and less favorable than the treatment of Caucasian employees that it unreasonably interfered with Plaintiff's work performance.

79. There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected while she was employed by Defendant.

80. As a direct and proximate result of Defendant's unlawful actions against Plaintiff described herein, Plaintiff has suffered injuries and damages, including, but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of ordinary life pleasures.

81. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Defendant is liable to Plaintiff for all damages allowed under Federal Law. To the extent that damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

Defendant's conduct was and remains extreme and outrageous subjecting Defendant to punitive damages.

82. As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continue to sustain injuries and damages.

**COUNT VI**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2**
*Hostile Work Environment*

83. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

84. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits discrimination and retaliation against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race.

85. At all material times, Plaintiff has been an employee with Defendant employer, MDOC, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

86. Plaintiff is an African American woman, in the minority at MDOC, and a member of a protected class under Title VII of the Civil Rights Act of 1964.

87. As an employer within the meaning of Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation, or other conditions or

privileges of employment on the basis of Plaintiff's race.

88. Because of her race, Plaintiff was subjected to treatment during her employment and apprenticeship for Defendant that has been disparate compared to Caucasian co-workers at the facility to which Plaintiff is assigned, who have been treated more favorably than Plaintiff.

89. Defendant MDOC, by and through its agents, representatives, and/or employees, was predisposed to discriminate on the basis of race, and acted in accordance with that predisposition.

90. While employed by Defendant MDOC, Plaintiff was repeatedly subjected to race discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.*

91. Defendant failed to provide a work environment free from race discrimination.

92. Defendant created a hostile work environment on the basis of Plaintiff's race.

93. Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against minority employees, or that tolerates the disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

94. Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to look the other way or actively encourage disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

95. There is no legitimate business reason justifying Defendant's actions, in violation of Title VII, which specifically prohibits discrimination against any person regarding employment and/or the terms of employment on the basis of race.

96. Defendant MDOC and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

97. As a direct and proximate result of Defendant MDOC's unlawful actions against Plaintiff described herein, Plaintiff has suffered injuries and damages, including, but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of ordinary life pleasures.

98. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Defendant is liable to Plaintiff for all damages allowed under Federal Law. To the extent that damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

Defendant's conduct was and remains extreme and outrageous subjecting Defendant to punitive damages.

99. As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, Plaintiff SALINA WHITBY respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
**Ernst Law Firm, PLC**
Attorneys for Plaintiff
(313) 965-5555
hannah@ernstlawplc.com

Dated: October 13, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SALINA WHITBY**, Case No.

Plaintiff, Hon.

vs.

**MICHIGAN DEPARTMENT OF CORRECTIONS**,

Defendants.

---

Hannah R. Fielstra (P82101)
ERNST LAW FIRM, PLC
Attorneys for Plaintiff
4501 Woodward Ave Ste 101-B, #225
Detroit, MI 48201
(313) 965-5555 / (313) 965-5556
hannah@ernstlawplc.com

---

**REQUEST FOR JURY TRIAL**

Plaintiff hereby reaffirms his request for a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
**Ernst Law Firm, PLC**
Attorneys for Plaintiff

Dated: October 13, 2026